IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| In the Matter of the Search of ) | Case No. | 16-3205-ADC |
| Electronic Account Stored at Premises ) | | |
| Controlled and Hosted by Facebook ) | | |
| headquartered in Menlo Park, ) | UNDER SEAL | |
| California ) | | |
| In the Matter of the Search of ) | Case No. | 16-3206-ADC |
| Electronic Account Stored at Premises ) | | |
| Controlled and Hosted by Twitter ) | | |
| headquartered in San Francisco, ) | UNDER SEAL | |
| California ) | | |
| In the Matter of the Search of ) | Case No. | 16-3207-ADC |
| Electronic Accounts Stored at Premises ) | | |
| Controlled and Hosted by Google ) | | |
| headquartered in Mountain View, ) | UNDER SEAL | |
| California ) | | |
| In the Matter of the Search of ) | Case No. | 16-3208-ADC |
| Electronic Accounts Stored at Premises ) | | |
| Controlled and Hosted by Skype, ) | | |
| which accepts service of process in ) | UNDER SEAL | |
| Redmond, Washington ) | | |

**Government's Motion To Seal Applications, Warrants and Affidavit for Search Warrants**

The United States of America, by and through its Attorneys, Rod J. Rosenstein, United States Attorney for the District of Maryland and Kenneth S. Clark, Assistant United States Attorney for said District, hereby moves this Honorable Court for an Order sealing the Application for Search Warrant, Warrant and the Affidavit in Support, in the above-captioned case and states for cause:

1. On December 8, 2016, United States Magistrate Judge A. David Copperthite

1

authorized search warrants for the Subject Accounts (described specifically therein), after finding probable cause that evidence concerning violations of 18 U.S.C. § 2339B (providing material support of a terrorist organization) and 18 U.S.C. § 2339C (unlawful financing of terrorism) would be located in the Subject Accounts. The Applications, Warrant, and Affidavit submitted in support of those search warrants contain information regarding the on-going investigation into these crimes. Some of the targets are, upon information and belief, unaware of the investigation related to them.

2. The appearance of the aforementioned documents in the public record prior to any enforcement action could create safety issues for victims and the law enforcement officers involved in the investigation. Moreover, disclosure may cause the destruction of evidence, the flight from prosecution of targets and their accomplices, and may jeopardize the on-going investigation.

3. To seal documents such as an affidavit for a search or arrest warrant, the government must demonstrate that: (1) there is a compelling government interest requiring materials to be kept under seal; and (2) there is no less restrictive means, such as redaction, available. In re Search Warrants Issued on April 26, 2004, 353 F.Supp.2d 584 (D. Md. 2004).

4. The procedures for sealing are set forth in Baltimore Sun Co. v. Goetz, 886 F.2d 60 (4th Cir. 1989). "The judicial officer may explicitly adopt the facts that the government presents to justify the sealing ...." Id. at 65. This motion and the Court's reasons for sealing should also be sealed. Id. Notice of the sealing is required, but the notice requirement is satisfied by the docketing of the order sealing the documents. Id.

WHEREFORE, the government respectfully requests that the Applications, Warrants and Affidavit for the Search Warrants in the above-captioned case, be placed under seal until further order of this Court.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By: _____
Kenneth S. Clark
Assistant United States Attorney
36 South Charles Street
Baltimore, Maryland 21201
410-209-4859